Luis Díaz Llenza, demandante y apelado, *v.* Hamburger Brothers & Co., demandada y apelante.

No. 5682. *Sometido:* Mayo 26, 1932. *Resuelto:* Abril 19, 1933.

*F. Soto Gras y R. Díaz Collazo,* abogados de la apelante; *Angel M. Villamil,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En esta apelación aparece suficientemente que con motivo de un contrato de refacción agrícola, el demandante estaba obligado a entregar a la demandada cierta cantidad de tabaco. El demandante originalmente debía a la demandada dinero anticipádole. Según los términos del contrato, el demandante

no estaba obligado a vender el tabaco a la demandada sino que después de entregarlo, si no lo vendía a la demandada, pero sí a otra persona, él estaba obligado a pagar otros cargos en adición a la suma de dinero anticipádole. El tabaco fué depositado en Vega Baja de acuerdo con las cláusulas del contrato, mas aparentemente, sin que se le diera conocimiento al demandante, fué trasladado a Caguas.

Hubo prueba tendente a demostrar, y la corte así lo creyó, que el demandante trató varias veces de obtener una liquidación de su cuenta. Las partes no pudieron llegar a un acuerdo respecto al precio del tabaco y la demandada también insistía en que el demandante pagara por almacenaje. El demandante, según indicó la prueba, trató de que el tabaco le fuese devuelto por no haberse hecho la liquidación. Del contrato se desprende claramente que la demandada no tenía derecho a hacer cargo alguno por almacenaje, ni sabemos nosotros de que haya costumbre alguna a este respecto. La demandada, en efecto, retuvo el tabaco.

La corte resolvió que la demandada solamente tenía derecho a retener el tabaco hasta que se hiciera la liquidación. La conclusión general de la corte inferior fué que el demandante tenía derecho a una indemnización de $572.60 por la retención del tabaco, o sea, por el precio que según él pudo haber obtenido. Además, que el demandante tenía derecho a $15 por cada uno de los seis viajes que se había visto precisado a dar en automóvil de Vega Baja a Caguas con el propósito de tratar de obtener la liquidación.

■ En respuesta al primer señalamiento de error podemos decir en apelación que una reclamación por daños y perjuicios demasiado remotos no hace que una demanda sea defectuosa. Quizá los daños remotos pudieron ser eliminados pero cualquier supuesto defecto no es perjudicial.

■ Los señalamientos de error restantes se dirigen principalmente a la apreciación de la prueba. Si bien los testigos de la demandada negaron que el demandante hubiese hecho esfuerzos para lograr una liquidación y declararon que

la demandada misma trató infructuosamente de obtenerla, sin embargo, la corte tenía derecho a creer la sola declaración del demandante y la lectura que hemos hecho de los autos no nos deja duda alguna. Desde luego, existe la posibilidad de que la corte cometiera error al aceptar la tasación del valor del tabaco por la sola declaración del demandante, mas no podemos hallar que la corte llegara a su conclusión erróneamente.

Hemos tenido algunas dudas sobre el derecho del demandante a obtener indemnización por los viajes dados en automóvil, pero en conjunto resolvemos que éste fué un gasto legítimo.

Como cuestión de derecho convenimos con la corte inferior en que como la demandada retuvo el tabaco mediante un cargo o cargos no justificados por el contrato, el demandante tenía derecho a recibir daños y perjuicios.

Hemos tenido dudas sobre una cuestión. La apelante en su alegato dice que el demandante le adeudaba el dinero anticipádole para refacción, empero durante el juicio se halló que la demandada archivó un pleito independiente para recobrar dicha cantidad y embargó propiedad de Díaz, el aquí demandante. Este último declaró mientras se hallaba en la silla testifical, que él había estado dispuesto a que la demandada recobrara. Nada hallamos en los autos que demuestre que la demandada no estuviese protegida por su pleito independiente y como la controversia en este caso giró sobre el valor del tabaco y respecto al derecho del demandante a obtener daños y perjuicios, no existe razón alguna para que alteremos la sentencia. En otras palabras, la teoría de la corte setenciadora no giró sobre la cuantía así anticipada.

*Debe confirmarse la sentencia.*